IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. GAMMINO,<br>    Plaintiff,<br><br>  v.<br><br>CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS et al.,<br>    Defendants. | Civ. No. 04-4303 |

**MEMORANDUM/ORDER**

  This is a dispute over two patents that delineate processes and apparatuses for preventing telephones from making international calls. John Gammino owns those patents, and he claims that defendant Davel Corporation regularly infringes them by using the patented processes on pay telephones that it owns and operates around the country. Davel disputes this and moves for summary judgment. Discovery is complete, and Davel's motion is now ripe for disposition.

**I. Facts**

  John Gammino owns U.S. Patent Nos. 5,809,125 (filed Sept. 15, 1998) and 5,812,650 (filed Sept. 22, 1998). Both are processes and apparatuses for preventing telephones from making international calls. Essentially, both involve means of recognizing and disconnecting phone calls commenced with dialing sequences that

typically correspond to international calls. These inventions are useful because telephone companies in the United States lose money when users fraudulently make international calls (often using stolen calling card numbers).

Davel owns and operates pay telephones throughout the country. To make those phones operate, Davel purchases telephone service from a variety of local providers (who are not parties to this suit). One of the features of the service that Davel purchases from some of those local providers is international call blocking.[1] According to Davel's corporate designee, no one at Davel has any knowledge as to what processes, methods, or apparatuses the local providers employ to provide the call-blocking features.

Gammino sent Davel a Notice of Infringement in March 2003. Davel, however, did not change its behavior because it determined that its activities did not ingringe Gammino's patents. Gammino now is suing Davel on two theories: (1) direct infringement of Gammino's two patents, and (2) inducing the local providers to infringe those patents. Davel has moved for summary judgment on both theories, arguing that Gammino has not come forward with evidence to support either.

## II.    Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] party seeking summary judgment always bears the initial

---

[1] Davel does not purchase international call blocking in areas of the country in which there is a high demand for international calling.

responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation and internal quotation marks omitted).

"If the moving party successfully points to evidence of all of the facts needed to decide the case on the law short of trial, the non-moving party can defeat summary judgment if it nonetheless produces or points to evidence in the record that creates a genuine issue of material fact.  The non-moving party cannot rest on mere pleadings or allegations; rather it must point to actual evidence in the record on which a jury could decide an issue of fact its way." *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).

Where, as here, the nonmoving party bears the burden of proof, summary judgment is appropriate if the moving party demonstrates that the nonmoving party has not come forward with evidence supporting an essential element of its claim. *Celotex*, 477 U.S. at 323.  In considering the record evidence, however, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**III.   Direct Infringement**

"[W]hoever without authority makes, uses, offers to sell, or sells any patented

invention, within the United States . . . infringes the patent." 35 U.S.C. § 271(a). Here, Gammino alleges that Davel uses the patented inventions by employing them to block international calls from its pay telephones. The inventions, as defined by the "claims" of the patent, *see Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 805 (Fed. Cir. 2007), consist of series of steps that various telecommunications apparatuses can take that will result in blocking certain international calls.[2] *See* '125 Patent col. 12 ln. 39 to col. 14 ln. 30; '650 Patent col. 12 ln. 30–62.

"Direct infringement requires a party to perform or use each and every step or element of a claimed method or product. For process patent or method patent claims, infringement occurs when a party performs all of the steps of the process." *BMC Resources, Inc. v. Paymentech, L.P.*, ___ F.3d ___, 2007 WL 2728400, at *4 (Fed. Cir. Sept. 20, 2007) (citations omitted). A step in both patented methods is evaluating the dialing sequence to determine if it is one of the blocked sequences. '125 Patent col. 12

---

[2] The patents also include the apparatuses themselves; however, Gammino appears to claim that Davel infringes the patents by using the patented methods, not the patented apparatuses, as all of the claims to which Davel's expert refers are method claims. *See* Pl.'s Br. in Opposition to Def.'s Motion for Summary Judgment, Ex. 3 ¶¶ 9, 10, 11, 16. Moreover, there is no evidence in the record that Davel uses the patented apparatuses. Rather, according to Davel's designee's unrebutted testimony, the Davel pay phones do not use the built-in apparatuses for blocking international calls. Davel's Mem. in Support of Motion for Summary Judgment, Ex. 1, at 16 (deposition of Tammy Martin). Instead, Davel buys the call-blocking feature from local providers and has no knowledge of what apparatuses or methods those providers use. *Id.* at 24. Even if it is the case that the local providers use the patented apparatuses (and no evidence suggests that it is), the long-standing principle expressed in *Keplinger v. De Young*, 23 U.S. 358, 365 (1825), works to prevent Davel, the mere purchaser of a product created by those apparatuses, from being liable for direct infringement. *See also epicRealm Licensing, LLC v. Autoflex Leasing, Inc.*, 492 F. Supp. 2d 608, 633 (E.D. Tex. 2007) (applying the *Keplinger* holding to direct infringement claim).

lns. 44–54; '650 Patent col. 12 ln. 41.  There is no evidence in the record that Davel performs that step; rather, the unrebutted testimony of Davel's designee indicates that the local providers, if anyone, perform that step.  Davel's Mem. in Support of Motion for Summary Judgment, Ex. 1, at 24.

"A party cannot avoid infringement, however, simply by contracting out steps of a patented process to another entity.  In those cases, the party in control would be liable for direct infringement."  *BMC Resources*, 2007 WL 2728400, at *6.  In this case, there is no evidence that Davel controlled how the local providers went about blocking international calls; again, the unrebutted testiony indicates that Davel did not even know the providers' methods.  Davel's Mem. in Support of Motion for Summary Judgment, Ex. 1, at 24.

Gammino's primary evidence in this case consists of tests that show that Davel's pay telephones successfully block calls made using the dialing sequences that Gammino's methods block.  Even if this evidence is (marginally) probative that someone infringes Gammino's patent, it does not support the conclusion that Davel is the infringing party, particularly in light of the unrebutted evidence that Davel does not know how the call-blocking features it purchases work.

Because Gammino has failed to come forward with evidence that Davel either performs the evaluation step of the patented processes or directs another entity to do so, his claim for direct infringement cannot survive Davel's motion for summary judgment.

**IV.     Inducement To Infringe**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Inducement, unlike direct infringement, is a specific intent tort. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). A person only commits it if it intends for another to infringe the plaintiff's patent. *Id.* As stated above, in this case, there is no evidence that Davel so much as knew the local providers' methods, much less intended that the providers employ an infringing one.

Gammino argues, however, that once it informed Davel of his patents in March 2003, Davel then possessed the requisite intent. But informing Davel of the patents did not impose on Davel a duty to inquire after the local providers' methods; it merely put Davel on notice that Gammino's patent existed. "[M]ere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003). Even recognizing that direct evidence of intent is generally not available, *id.* at 1363, nothing in this record suggests that Davel specifically intended for the local providers to infringe Gammino's patents. Rather, the evidence indicates that Davel merely purchased call-blocking features in the normal course of trade and left it to the providers of those features to ensure that their methods complied with the patent laws.

Because Gammino has not come forward with evidence supporting his claims that Davel knowingly induced local telephone service providers to infringe Davel's patents, those claims cannot survive summary judgment

## V.  Conclusion

AND NOW, this 4th day of October, 2007, it is hereby ORDERED that defendant Davel Corporation's motion for summary judgment is GRANTED.  Judgment is hereby entered for defendant Davel and against plaintiff Gammino.  As there are no remaining claims in this case, the clerk is directed to mark the case closed.

BY THE COURT:

/s/ Louis H. Pollak

_____
Pollak, J.